**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: October 10 2012

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: ) | Case No.: 12-30409 |
| ) | |
| Floyd H. Mack, Jr., and ) | Chapter 7 |
| Pamela C. Mack, ) | |
| ) | Adv. Pro. No. 12-3089 |
| Debtors. ) | |
| ) | Hon. Mary Ann Whipple |
| Duane J. Tillimon, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Floyd H. Mack, Jr., et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER REGARDING MOTION TO AMEND COMPLAINT

This adversary proceeding is before the court on Plaintiff's motion to amend his complaint [Doc. # 22], as supplemented by the filing of his proposed amended complaint [Doc. # 43], Defendant's response [Doc. # 44], and Plaintiff's reply [Doc. # 45]. For the following reasons, the court will grant in part and deny in part Plaintiff's motion to amend.

Plaintiff timely filed his complaint on June 5, 2012. The deadline in Defendants' underlying Chapter 7 case for filing complaints objecting to discharge or to determine the dischargeability of debts under 11 U.S.C. § 523(a)(2),(4) or (6) was June 5, 2012. *See* 11 U.S.C. § 523(c)(1); Fed. R. Bankr. P. 4004(a),

4007(c). Plaintiff filed his motion to amend the complaint on July 13, 2012.

Rule 15 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7015, governs the amendment of pleadings. Where the time limit for filing a new claim has passed, Rule 15(c) allows the amended pleading to relate back to the date of the original complaint, provided the claim arises out of "the conduct, transaction or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

In his original complaint, Plaintiff seeks in his first cause of action to except from Debtor Floyd Mack, Jr.'s, Chapter 7 discharge a debt owed to him in the amount of $1,991.00 resulting from a state court judgment for passing a bad check. In his second and third causes of action, Plaintiff alleges claims relating to allegations that Debtors provided information that was incorrect in their bankruptcy petition and schedules.

In his proposed amended complaint, Plaintiff seeks to add more specific factual allegations to his first cause of action and to add an additional non-dischargeability claim. Although Plaintiff's original complaint was timely filed, the time to assert an exception to dischargeability has now expired and cannot be extended by the court. *See* Fed. R. Bankr. P. 4007(c) and 9006(b)(3). Thus, Plaintiff's proposed amendments are time-barred unless they relate back to his original complaint.

Plaintiff's proposed amendment to his first cause of action relates back to his original complaint since it arises out of the same conduct and transaction as alleged therein, namely, the passing of a bad check and the resulting state court judgment. However, Plaintiff's proposed amendment does not relate back to the extent he alleges an additional non-dischargeability claim. In that cause of action, Plaintiff alleges that he obtained a judgment in state court in the amount of $11,124,53 for damage to certain rental property caused by Defendants. The facts do not relate to any allegations in Plaintiff's original complaint and seek a nondischargeability determination with respect to an entirely different state court judgment. Plaintiff will not be permitted to amend his complaint to include this claim since it is time-barred.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiff's motion to amend complaint [Doc. # 22] be, and hereby is, **GRANTED** as to the proposed amendment of his first cause of action and **DENIED** as to his proposed amendment adding the nondischargeability claim based on the state court judgment for damages to his rental property; and

**IT IS FURTHER ORDERED** that Plaintiff shall separately file an amended complaint in accordance with this order on or before **October 26, 2012**; and

**IT IS FURTHER ORDERED** that Defendants shall file their answer or other response to the amended complaint on or before **November 26, 2012.**

###